UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FREEMON JORDAN, SR.,

    Plaintiff,

v.                                         CAUSE NO.: 3:18-CV-882-RLM-MGG

IDOC, et al.,

    Defendants.

OPINION AND ORDER

Freemon Jordan, Sr., a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Jordan alleges that, on March 26, 2018, he was raped at the Indiana State Prison. On April 12, Mr. Jordan asked Rhonda Brennan for a rape kit, but she responded that it was too late for a rape kit to be effective, and she refused. Mr. Jordan has also submitted medical requests to be examined and tested for sexually transmitted diseases and for sexual assault

grievance counseling. Dr. Verdun responded that the mental health unit already had addressed the rape.

Mr. Jordan asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Dr. Verdun for denying his requests to be examined and tested for sexually transmitted diseases and for sexual assault grievance counseling. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Because the allegations suggest that Dr. Verdun responded inadequately to Mr. Jordan's legitimate medical requests, the complaint states a plausible claim of deliberate indifference against Dr. Verdun.

Mr. Jordan seeks an order for an investigation, video recordings, employment termination, and a medical examination. Courts have limited authority to order injunctive relief in cases brought by prisoners. Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." Id. Therefore, injunctive relief, if granted will be limited to requiring the defendants to provide medical treatment as required by the Eighth Amendment. The Warden of the Indiana State Prison has both the authority and the responsibility to ensure that Mr. Dewald receives

the medical treatment to which he is entitled under the Eighth Amendment. See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant for purposes of Dewald's injunctive relief claim.

Further, Mr. Jordan asserts a claim against Rhonda Brennan for refusing to provide him with a rape kit. The purpose of a rape kit is to collect biological evidence of a rape for the criminal prosecution of the perpetrator. Rape, Abuse & Incest National Network, https://www.rainn.org/articles/rape-kit (last visited Nov. 1, 2018). It's understandable that Mr. Jordan might want to pursue criminal charges against his assailant, but it isn't clear how the refusal to provide a rape kit amounts to a violation of his constitutional rights. He also names Sherri Fritter, Ella Harmon, and Dawn Buss as defendants but doesn't otherwise mention them in his complaint. These defendants are dismissed.

Additionally, Mr. Jordan names the Indiana Department of Correction and the Indiana State Prison as defendants. Though the events described in the complaint may have occurred at the prison, it is a physical location, not a person or policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. See Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). Additionally, the Eleventh Amendment bars citizens from suing State agencies such as the Indiana Department of Correction. See Kashani v. Purdue University, 813 F.2d 843 (7th Cir. 1987). Because the Indiana Department of Correction and the Indiana State Prison are not suable entities, Mr. Jordan cannot proceed on claims against them.

Finally, Mr. Jordan asserts claims against Wexford and Corizon, which are corporate entities. A corporate entity "cannot be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. A corporate entity can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." Id. The policy must be the "moving force behind the deprivation of his constitutional rights." Johnson v. Cook Cty., 526 F. App'x 692, 695 (7th Cir. 2013). Without an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). Because Mr. Jordan has not identified a corporate policy or practice that caused the harms alleged in the complaint, he does not state a claim upon which relief can be granted against Wexford and Corizon.

For these reasons, the court:

>(1) DIRECTS the clerk to add the Warden of the Indiana State Prison as a defendant;

>(2) GRANTS Freemon Jordan, Sr., leave to proceed against Dr. Verdun for money damages on an Eighth Amendment claim of deliberate indifference for refusing to provide proper medical treatment for the rape incident described in the complaint;

(3) GRANTS Freemon Jordan, Sr., leave to proceed on a claim for injunctive relief against the Warden of the Indiana State Prison in his official capacity to obtain medical treatment for the rape incident described in the complaint as required by the Eighth Amendment;

(4) DISMISSES the Indiana Department of Correction, the Indiana State Prison, Corizon, Wexford, Rhonda Brennan, Sherri Fritter, Ella Harmon, and Dawn Buss;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Verdun and the Warden of the Indiana State Prison at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Verdun and the Warden of the Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Freemon Jordan, Sr., has been granted leave to proceed in this screening order.

SO ORDERED on November 2, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT