UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FREEMON JORDAN, SR.,

               Plaintiff,

         v.                        CAUSE NO.: 3:18-CV-882-RLM-MGG

I.D.O.C., et al.,

               Defendants.

## OPINION AND ORDER

Freemon Jordan, Sr., a prisoner without a lawyer, filed an amended complaint. Because Mr. Jordan amends his complaint for the first time and within 21 days of service, he doesn't need leave of court. Fed. R. Civ. P. 15(a)(1)(A). Nevertheless, under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In his original complaint, Mr. Jordan alleged that he was raped at the Indiana State Prison on March 25, 2018. He alleged that he submitted medical requests to be examined and tested for sexually transmitted diseases and for sexual assault grievance counseling but that Dr. Verdun responded that the rape had already been addressed by the mental health unit. Based on these

allegations, the court allowed Mr. Jordan to proceed on an Eighth Amendment claim of deliberate indifference against Dr. Verdun and a claim for injunctive relief against the Warden.

The amended complaint reasserts these allegations and further alleges that, on March 26, 2018, Nurse Lacey Goerske denied Mr. Jordan medical treatment in connection for the rape incident. He alleges that, on the same day, he was interviewed by Officer Burke, Officer Jonas, Officer Whalen, and Officer Pannell. After the interview, he asked Officer Burke and Officer Jonas for medical treatment, but they didn't assist him. He alleges that, for the next four weeks, he was placed on suicide watch in the mental health unit and asked several nurses, including Nurse Samantha, Ella Harmon, and Sherri Fritter, for medical treatment for the rape incident but didn't receive it.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Because the allegations suggest that Lacey Goerske, Officer Burke, Officer Jonas, Nurse Samantha, Ella Harmon, and Sherri Fritter responded inadequately to Mr. Jordan's legitimate medical requests, the complaint states a plausible claim of deliberate indifference against them.

The complaint doesn't state a claim against the remaining defendants. Though Mr. Jordan lists Nurse Cani as a defendant, the complaint doesn't

otherwise mention Nurse Cani. Similarly, while Mr. Jordan alleges that Officer Whalen and Officer Pannell interviewed him, this allegation, by itself, doesn't state a claim against them on which relief could be granted. Mr. Jordan also asserts a claim against Rhonda Brennan for denying him a rape kit, but, as the court explained in a previous order, the main purpose of a rape kit is to gather and preserve evidence, and it isn't clear how the denial of a rape kit amounts to a constitutional violation. Finally, Mr. Jordan alleges that, on June 6, 2018, Nurse Jackie conducted X-rays on him. He says he thought that the purpose of the X-rays was to assess the injuries caused by the rape incident, but she had been ordered to conduct the X-rays based on a correctional officer's report that Mr. Jordan had put something in his rectum. While these allegations are certainly unusual, they don't state a claim of deliberate indifference against Nurse Jackie.

For these reasons, the court:

(1) DIRECTS the clerk to re-add the Warden of the Indiana State Prison as a defendant;

(2) GRANTS Freemon Jordan, Sr., leave to proceed against Dr. Verdun, Lacey Goerske, Officer Burke, Officer Jonas, Nurse Samantha, Ella Harmon, and Sherri Fritter for money damages on an Eighth Amendment claim of deliberate indifference for refusing to provide proper medical treatment for the rape incident described in the complaint;

(3) GRANTS Freemon Jordan, Sr., leave to proceed on a claim for injunctive relief against the Warden of the Indiana State Prison in his official

capacity to obtain medical treatment for the rape incident described in the complaint as required by the Eighth Amendment;

(4) DISMISSES Rhonda Brennan, Nurse Cani, Officer Pannell, Officer Whalen, and Nurse Jackie;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Verdun, Lacey Goerske, Officer Burke, Officer Jonas, Nurse Samantha, Ella Harmon, Sherri Fritter, and the Warden of the Indiana State Prison at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 7) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Verdun, Lacey Goerske, Officer Burke, Officer Jonas, Nurse Samantha, Ella Harmon, Sherri Fritter, and the Warden of the Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Freemon Jordan, Sr., has been granted leave to proceed in this screening order.

SO ORDERED on December 3, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT