UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FREEMON JORDAN, SR.,

    Plaintiff,

v.            CAUSE NO.: 3:18-CV-882-RLM-MGG

I.D.O.C., et al.,

    Defendants.

## OPINION AND ORDER

Freemon Jordan, Sr., a prisoner without a lawyer, proceeds on Eighth Amendment claims against Dr. Verdun, Lacey Goerske, Officer Burke, Officer Jonas, Nurse Samantha, Ella Harmon, and Sherri Fritter for money damages and injunctive relief on an Eighth Amendment claim of deliberate indifference for denying him medical treatment for a rape that occurred in March 2018. ECF 12. The defendants move for summary judgment, arguing that Mr. Jordan failed to exhaust his administrative remedies because he didn't complete the grievance process with respect to his claims.

The defendants also provided Mr. Jordan with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 64. The notice informed Mr. Jordan of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. It further advised that a lack of response could result in the dismissal of his case. Nevertheless, Mr. Jordan did not file a response.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Under 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002).

The grievance policy for the Indiana Department of Correction sets forth a four-step grievance process. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated

with the complaint. ECF 63-1 at 8-13. If the inmate can't to resolve the complaint informally, he may file a formal grievance with the grievance specialist. Id. If an inmate is dissatisfied with the grievance specialist's determination, he may file an appeal with the warden or designee. Id. Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. Id.

According to the grievance records, Mr. Jordan filed two formal grievances in May 2018. ECF 63-4, ECF 63-5. In each of these grievances, Mr. Jordan lists a rape incident as one of several issues but makes no reference to inadequate medical care. Further, the grievance records indicate that Mr. Jordan did not appeal either of these grievances after they were denied at the formal grievance stage. ECF 63-3. In sum, the undisputed evidence demonstrates that Mr. Jordan didn't exhaust his available administrative remedies with respect to his claims that he was denied adequate medical treatment. Therefore, the motion for summary judgment is granted, and no claims remain in this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 60); and

(2) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on June 20, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT